IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLES BANKS,** | ) FILED: MARCH 21, 2008 |
| | ) 08CV1675           EDA |
| **Plaintiff,** | ) JUDGE   KENNELLY |
| | ) MAGISTRATE JUDGE COLE |
| v. | ) |
| | ) |
| **REPUBLIC WINDOWS & DOORS, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, CHARLES BANKS ("BANKS"), by his attorneys, KIMMEL & KIEFER, P.C., and for his Complaint against REPUBLIC WINDOWS & DOORS, INC. ("REPUBLIC") states the following:

## JURISDICTION

1. This action arises pursuant to the Family and Medical Leave Act, 29 U.S.C. '2601 et seq. ("FMLA") and Illinois statute.

2. This Court has jurisdiction pursuant to 29 U.S.C. '2601 et seq. of the FMLA and the doctrine of pendent jurisdiction.

3. Plaintiff is a resident of Chicago, Illinois and is a citizen of the State of Illinois.

4. On information and belief, Defendant Republic Windows & Doors, Inc. is an assumed name of RSR Holding Corporation, which is an Illinois corporation doing business in the State of Illinois in Chicago, Illinois.

5. At all times relevant, Defendant has employed 50 or more employees. The Defendant was and is, therefore, an employer as defined by the FMLA, 29 U.S.C. 2601. et seq.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff began working for Defendant in 1999 as an Assembler.

7. In or about April 2005, Plaintiff became a Field Service Technician.

8. Plaintiff performed his job duties to the satisfaction of the Defendant Company.

9. On March 24, 2006 at approximately noon, Plaintiff was installing a piece of glass using a ladder. The piece of glass slipped and Plaintiff twisted his back trying to regain control of the glass.

10. Plaintiff immediately reported the injury to his supervisor, who instructed Plaintiff to finish his route.

11. Plaintiff completed his route and returned to the office at approximately 4:00 p.m.

12. When Plaintiff returned to the office, he was told that he was being laid off.

## COUNT I

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

13. The allegations of paragraphs 1 through 12 of this complaint are incorporated by reference into this paragraph 13.

14. Plaintiff presented the Defendant Company with information regarding a serious medical condition which would have required a leave of absence. Such information placed the Defendant Company on notice that Plaintiff may qualify for a leave pursuant to the Family Medical Leave Act ("FMLA").

15. Such medical condition would have permitted Plaintiff to take a leave of absence pursuant to the Family and Medical Leave Act, 29 U.S.C. 2615, et seq. (AFMLA@).

16. By failing to inform Plaintiff of his rights under the FMLA, Defendant has violated the FMLA.

17. By failing to inform Plaintiff of his rights under the FMLA, and by terminating the Plaintiff before he requested information about the FMLA from the Defendant Company, Plaintiff was terminated by the Defendant Company in an attempt to prevent him from applying for and taking a leave of absence pursuant to the Family Medical Leave Act, as prohibited 29 U.S.C. 2615.

WHEREFORE, the Plaintiff, respectfully request that this honorable Court entered judgment in his favor and award:

A. Back pay and all other monetary damages associated with the Defendant Company's violation of the FMLA;

B. Reinstate Plaintiff to his previous position or an equivalent position within the organization with any break in service or loss of seniority; and

C. All other awards the Court deems proper.

## COUNT II

### CLAIM FOR RETALIATORY DISCHARGE

18. Plaintiff hereby incorporates paragraphs 1 through 12 into this paragraph 18.

19. On March 24, 2006 Plaintiff suffered a work related injury.

20. Later that day, Plaintiff was told that he was being laid off, before he was given the opportunity to file a worker's compensation claim. However, other employees with less seniority were retained.

21. The Illinois Workers' Compensation Act states the following:

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act. (820 ILCS 305/4(h).

22. Plaintiff was an employee covered and protected under the Illinois Workers' Compensation Act.

23. Plaintiff was discharged in an attempt to thwart his ability to file a worker's compensation claim, in violation of 820 ILCS 305/4(h).

WHEREFORE, Plaintiff requests that this honorable Court enter an order in Plaintiff's favor:

A. Awarding Plaintiff compensatory damages for all of the back pay, benefits, and all other proximate damages incurred by Plaintiff as a result of the Defendant Company's unlawful discharge of Plaintiff;

B. Granting Plaintiff an award of punitive damages against Defendant Company in an amount sufficient to protect Illinois citizens and Illinois public policy from the likelihood that the Defendant Company will continue to thwart employees from exercising their right to file worker=s compensation for work related injuries.

C. Granting Plaintiff whatever other relief that the Court deems just and equitable.

### JURY DEMAND

24. Plaintiff demands trial by jury.

Respectfully submitted,

By: _____
Lesa S. Kiefer, one of the attorneys appearing on behalf of Charles Banks

**KIMMEL & KIEFER, P.C.**
**130 North Cuyler Avenue**
**Suite 200**

4

**Oak Park, Illinois 60302**
**(708) 386-9791**

## VERIFICATION

I, Charles Banks, having been duly deposed and sworn on oath, state that I have read the foregoing Complaint consisting of 5 typewritten pages, including this one, and swear that the statements contained therein are true in substance and in fact except where stated upon information and belief, and in such cases that such statements are true to the best of my knowledge, information and belief.

_Charles Banks_
Charles Banks

Subscribed and sworn to
before me this 10th day
of March, 2008.

_Notary Public_

"OFFICIAL SEAL"
LESA STRUCK KIEFER
Notary Public, State of Illinois
My Commission Expires 08-05-09

5

5