IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1675 |
| | ) | |
| v. | ) | JUDGE KENNELLY |
| | ) | |
| REPUBLIC WINDOWS & DOORS, LLC | ) | MAGISTRATE JUDGE COLE |
| | ) | |
| Defendant. | ) | |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, CHARLES BANKS ("BANKS"), by his attorneys, KIMMEL & KIEFER, P.C., and for his First Amended Complaint against REPUBLIC WINDOWS & DOORS, LLC ("REPUBLIC") states the following:

### JURISDICTION

1. This action arises pursuant to the Family and Medical Leave Act, 29 U.S.C. '2601 et seq. ("FMLA") and Illinois statute.

2. This Court has jurisdiction pursuant to 29 U.S.C. '2601 et seq. of the FMLA and the doctrine of pendent jurisdiction.

3. Plaintiff is a resident of Chicago, Illinois and is a citizen of the State of Illinois.

4. On information and belief, Defendant Republic Windows & Doors, LLC is an Illinois limited liability company doing business in the State of Illinois in Chicago, Illinois.

5. At all times relevant, Defendant has employed 50 or more employees. The Defendant was and is, therefore, an employer as defined by the FMLA, 29 U.S.C. 2601. et seq.

**ALLEGATIONS COMMON TO ALL COUNTS**

6. Plaintiff began working for Defendant in 1999 as an Assembler.

7. In or about April 2005, Plaintiff became a Field Service Technician.

8. Plaintiff performed his job duties to the satisfaction of the Defendant Company.

9. On March 24, 2006 at approximately noon, Plaintiff was installing a piece of glass using a ladder.  The piece of glass slipped and Plaintiff twisted his back trying to regain control of the glass.

10. Plaintiff immediately reported the injury to his supervisor, who instructed Plaintiff to finish his route.

11. Plaintiff completed his route and returned to the office at approximately 4:00 p.m.

12. When Plaintiff returned to the office, he was told that he was being laid off.

## COUNT I

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

13. The allegations of paragraphs 1 through 12 of this complaint are incorporated by reference into this paragraph 13.

14. Plaintiff presented the Defendant Company with information regarding a serious medical condition which would have required a leave of absence.  Such information placed the Defendant Company on notice that Plaintiff may qualify for a leave pursuant to the Family Medical Leave Act ("FMLA").

15. Such medical condition would have permitted Plaintiff to take a leave of absence pursuant to the Family and Medical Leave Act, 29 U.S.C. 2615, et seq. (AFMLA@).

16. By failing to inform Plaintiff of his rights under the FMLA, Defendant has violated the FMLA.

17.     By failing to inform Plaintiff of his rights under the FMLA, and by terminating the Plaintiff before he requested information about the FMLA from the Defendant Company, Plaintiff was terminated by the Defendant Company in an attempt to prevent him from applying for and taking a leave of absence pursuant to the Family Medical Leave Act, as prohibited 29 U.S.C. 2615.

WHEREFORE, the Plaintiff, respectfully request that this honorable Court entered judgment in his favor and award:

A.      Back pay and all other monetary damages associated with the Defendant Company's violation of the FMLA;

B.      Reinstate Plaintiff to his previous position or an equivalent position within the organization with any break in service or loss of seniority; and

C.      All other awards the Court deems proper.

## COUNT II

### CLAIM FOR RETALIATORY DISCHARGE

18.     Plaintiff hereby incorporates paragraphs 1 through 12 into this paragraph 18.

19.     On March 24, 2006 Plaintiff suffered a work related injury.

20.     Later that day, Plaintiff was told that he was being laid off, before he was given the opportunity to file a worker's compensation claim. However, other employees with less seniority were retained.

21.     The Illinois Workers' Compensation Act states the following:

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act. (820 ILCS 305/4(h).

22.     Plaintiff was an employee covered and protected under the Illinois Workers' Compensation Act.

23.     Plaintiff was discharged in an attempt to thwart his ability to file a worker's compensation claim, in violation of 820 ILCS 305/4(h).

WHEREFORE, Plaintiff requests that this honorable Court enter an order in Plaintiff's favor:

A.      Awarding Plaintiff compensatory damages for all of the back pay, benefits, and all other proximate damages incurred by Plaintiff as a result of the Defendant Company's unlawful discharge of Plaintiff;

B.      Granting Plaintiff an award of punitive damages against Defendant Company in an amount sufficient to protect Illinois citizens and Illinois public policy from the likelihood that the Defendant Company will continue to thwart employees from exercising their right to file worker=s compensation for work related injuries.

C.      Granting Plaintiff whatever other relief that the Court deems just and equitable.

## JURY DEMAND

24.     Plaintiff demands trial by jury.

                                Respectfully submitted,


                                By:   /s/ Lesa Struck Kiefer_____
                                  Lesa S. Kiefer, one of the attorneys
                                  appearing on behalf of Charles Banks


**KIMMEL & KIEFER, P.C.**
**130 North Cuyler Avenue**
**Suite 200**
**Oak Park, Illinois  60302**
**(708) 386-9791**

**CERTIFICATE OF SERVICE**

TO: Mitchell S. Chaban
Levin Ginsburg
180 N. LaSalle Street
Suite 3200
Chicago, IL 60601

    The undersigned, an attorney, certifies that on May 6, 2008, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent to the above-referenced parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

                                                    /s/ Lesa Struck Kiefer

KIMMEL & KIEFER, P.C.
130 North Cuyler Avenue
Suite 200
Oak Park, Illinois 60302
(708) 386-9791