IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 1675 |
| ) | |
| REPUBLIC WINDOWS & DOORS, LLC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now come(s), REPUBLIC WINDOWS & DOORS, LLC., and its attorneys, JONATHAN M. WEIS and MITCHELL S. CHABAN of LEVIN GINSBURG and in answer to Plaintiff's Complaint states as follows:

1. This action arises pursuant to the Family and Medical Leave Act, 29 U.S.C. 2601, et seq. ("FMLA") and Illinois statute.

**ANSWER:** **Republic lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.**

2. This Court has jurisdiction pursuant to 29 U.S.C. 2601, et seq. of the FMLA and the doctrine of pendent jurisdiction.

**ANSWER:** **Republic lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies the same.**

3. Plaintiff is a resident of Chicago, Illinois and is a citizen of the State of Illinois.

**ANSWER:** **Republic lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the same.**

4. On information and belief, Defendant Republic Windows & Doors, LLC is an Illinois limited liability company doing business in the State of Illinois in Chicago, Illinois.

**ANSWER:** **Republic admits the allegations set forth in Paragraph 4 of the Complaint.**

5. At all times relevant, Defendant has employed 50 or more employees. The Defendant was and is, therefore, an employer as defined by the FMLA, 29 U.S.C. 2601, et seq.

**ANSWER:** **Republic admits that both presently and from time to time in the past it has employed 50 or more employees, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in sentence one, Paragraph 5 of the Complaint and, therefore, denies the same. Except as expressly admitted herein, Republic denies the remaining allegations set forth in Paragraph 5 of the Complaint.**

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff began working for Defendant in 1999 as an Assembler.

**ANSWER:** **Republic admit the allegations set forth in Paragraph 6 of the Complaint.**

7. In or about April 2005, Plaintiff became a Field Service Technician.

**ANSWER:** **Republic admit the allegations set forth in Paragraph 7 of the Complaint.**

8. Plaintiff performed his job duties to the satisfaction of the Defendant Company.

**ANSWER:** **Republic denies the allegations in Paragraph 8 of the Complaint.**

9. On March 24, 2006 at approximately noon, Plaintiff was installing a piece of glass using a ladder. The piece of glass slipped and Plaintiff twisted his back trying to regain control of the glass.

**ANSWER:** **Republic lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies the same.**

10. Plaintiff immediately reported the injury to his supervisor, who instructed Plaintiff to finish his route.

**ANSWER:**　　Republic denies the allegations in Paragraph 10 of the Complaint.

11.　Plaintiff completed his route and returned to the office at approximately 4:00 p.m.

**ANSWER:**　　**Republic lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.**

12.　When Plaintiff returned to the office, he was told that he was being laid off.

**ANSWER:**　　**Republic admits that Plaintiff was told he was being laid off. Republic lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, therefore, denies the same.**

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

13.　The allegations of paragraphs 1 through 12 of this complaint are incorporated by reference into this paragraph 13.

**ANSWER:**　　**Republic restates and re-alleges its answers to Paragraphs 1-12 of the Complaint as though set forth fully herein as the answers to Paragraph 13 of Count I of the Complaint.**

14.　Plaintiff presented the Defendant Company with information regarding a serious medical condition which would have required a leave of absence. Such information placed the Defendant Company on notice that Plaintiff may qualify for a leave pursuant to the Family Medical Leave Act ("FMLA").

**ANSWER:**　　**Republic denies the allegations in Count I, Paragraph 14 of the Complaint.**

15.　Such medical condition would have permitted Plaintiff to take a leave of absence pursuant to the Family and Medical Leave Act, 29 U.S.C. 2615, et seq. ("FMLA").

**ANSWER:**　　**Republic denies the allegations in Count I, Paragraph 15 of the Complaint.**

K:\EDSISS\DOCS\3444\00056\900631.DOC

16. By failing to inform Plaintiff of his rights under the FMLA, Defendant has violated the FMLA.

**ANSWER:** **Republic denies the allegations in Count I, Paragraph 16 of the Complaint.**

17. By failing to inform Plaintiff of his rights under the FMLA, and by terminating the Plaintiff before he requested information about the FMLA from the Defendant Company, Plaintiff was terminated by the Defendant Company in an attempt to prevent him from applying for and taking a leave of absence pursuant to the Family Medical Leave Act, as prohibited 29 U.S.C. 2615.

**ANSWER:** **Republic denies the allegations in Count I, Paragraph 17 of the Complaint.**

## COUNT II
## CLAIM FOR RETALIATAORY DISCHARGE

18. Plaintiff hereby incorporates paragraph 1 through 12 into this paragraph 18.

**ANSWER:** **Republic restates and re-alleges its answers to Paragraphs 1-12 of the Complaint as though set forth fully herein as the answers to Paragraph 18 of Count II of the Complaint.**

19. On March 24, 2006 Plaintiff suffered a work related injury.

**ANSWER:** **Republic lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Count II, Paragraph 19 of the Complaint and, therefore, denies the same.**

20. Later that day, Plaintiff was told that he was being laid off, before he was given the opportunity to file a worker's compensation claim. However, other employees with less seniority were retained.

**ANSWER:** **Republic admits that Plaintiff was told he was being laid off and that certain other employees with less seniority were not laid off. Except as expressly admitted herein, Republic denies the remaining allegations in Count II, Paragraph 20 of the Complaint.**

21. The Illinois Workers' Compensation Act states the following:

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act. (820 ILCS 305/4(h)).

**ANSWER:** **Republic admits that the statute contains a provision substantially similar to the one set forth in Count II, Paragraph 21 of the Complaint.**

22. Plaintiff was an employee covered and protected under the Illinois Workers' Compensation Act.

**ANSWER:** **Republic admits the allegations set forth in Count II, Paragraph 22 of the Complaint.**

23. Plaintiff was discharged in an attempt to thwart his ability to file a worker's compensation claim, in violation of 820 ILCS 305/4(h).

**ANSWER:** **Republic denies the allegations in Count II, Paragraph 23 of the Complaint.**

## FIRST AFFIRMATIVE DEFENSE

Count I fails to state a claim upon which relief can be granted because an employer has no duty to inform an employee of his rights under the FMLA.

Count II fails to state a claim upon which relief can be granted because Plaintiff was discharged prior to Republic learning that Plaintiff claimed he had suffered a work related injury.

WHEREFORE, Defendant, REPUBLIC WINDOWS & DOORS, LLC, respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice and granting Defendant such other and further relief that this Court deems just and appropriate under

the circumstances.

                    Respectfully submitted,

                    REPUBLIC WINDOWS & DOORS, LLC.
                    Defendant,

                    By:    /s/ Mitchell S. Chaban
                              One of its attorneys

Mr. Jonathan M. Weis, #06238340
Mr. Mitchell S. Chaban, #6226668
LEVIN GINSBURG
Attorneys for Defendant
180 North LaSalle Street, Suite 3200
Chicago, Illinois 60601-2800
Telephone : (312) 368-0100
Telefax: (312) 368-0111